DA 10-0388

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 111

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GARY DUANE HEAVYGUN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC 09-057C
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Eileen A. Larkin, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant Attorney General, Helena, Montana

            John Parker, Cascade County Attorney; Susan Weber, Deputy County Attorney, Great Falls, Montana

Submitted on Briefs:  April 20, 2011
Decided:  May 24, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Gary Duane Heavygun (Heavygun) was found guilty by a jury in the Eighth Judicial District Court, Cascade County, of deliberate homicide, DUI, violation of an order of protection, criminal endangerment, driving while the privilege to do so is suspended or revoked, and tampering with physical evidence.  Heavygun appeals, raising two issues: 1) was his right to be present at all critical stages of his criminal proceeding violated, and 2) did he receive ineffective assistance of counsel?  We affirm on the first issue and find the second appropriate for postconviction proceedings.

¶2      Heavygun was charged with deliberate homicide and various other offenses after the stabbing death of his friend, Justin Wells, on January 25, 2009.  Because Heavygun appeals two limited issues, we do not discuss the events of January 25, 2009.  For clarity's sake, we note that Heavygun does not challenge the factual basis of his convictions, but rather urges that the alleged errors require reversal of his conviction.

¶3      Heavygun sought to be present at his omnibus hearing, held on August 5, 2009.  On July 29, 2009, Heavygun filed a Motion to Transport Defendant to Omnibus Hearing, saying "Defendant would like to be present for his Omnibus Hearing."  That motion was denied, and the omnibus hearing proceeded as scheduled, without Heavygun's presence and without a record being made, other than the statutorily required memorandum.  On August 10, 2009, several days after the omnibus hearing, Heavygun filed Defendant's Objection to Denial of Defendant's Motion to be Present at the Omnibus Hearing, in which he renewed his request

2

to be present, arguing he had the right to be present and that his omnibus hearing should have been on the record. His motion was denied. The District Court's order stated:

> This Court has addressed this issue on motion of this counsel a number of times before. Nothing has changed.
>
> The omnibus hearing is a creature of statute. It is not a critical stage of the proceedings.
>
> Section 46-13-110 MCA providing for the omnibus hearing specifically provides that '[T]he presence of the Defendant is not required, unless ordered by the Court.' This statute has never been held to be unconstitutional nor has the Supreme Court of the State of Montana otherwise ruled that the Defendant has a right to be present, or a record kept.
>
> It is the practice in this Court that no substantive issues are determined at the omnibus hearing. The hearing is conducted as a procedural conference and, as contemplated in subsection (4) of the statute a detailed memorandum of the matters covered is prepared subsequent thereto. That is the case here. A record is not necessary nor required. The proceeding basically covers disclosure. The procedure for substantive motions is clearly laid out in the memorandum.
>
> This method of conducting omnibus hearings is a longstanding practice in this jurisdiction.
>
> As a practical matter, requiring the presence of defendants at omnibus hearings would create a substantial logistical problem.

¶4 A second omnibus hearing was held on March 3, 2010, after the State filed an Amended Information. Heavygun was not present, and it does not appear that any objection was raised by defense counsel.

¶5 Heavygun was represented by six different attorneys from the Office of the State Public Defender. Three were attorneys-of-record, while the other three appeared sporadically on behalf of the attorneys-of-record. Heavygun raised concerns about his representation before the District Court, saying during a March 30, 2010, status hearing, at

3

which his attorney failed to appear, "I'm going to need somebody that's going to represent me." The District Court noted Heavygun's concerns and rescheduled the hearing.

¶6 At the rescheduled status hearing, held April 5, 2010, Heavygun again raised concerns about his representation by his current and former counsel. Heavygun, through his attorney, informed the court that his prior counsel postponed trial dates on several occasions without his consent and as a remedy sought to have all charges dismissed for lack of speedy trial based on ineffective assistance. Heavygun's motion was denied, with the District Court noting "[m]aybe there's an ineffective assistance of counsel claim there that might be urged at some later date." Heavygun himself stated at the close of the hearing that there were "a lot of motions that didn't get filed" and that he was unable to "communicate with my defender" but was ready to go to trial.

## STANDARD OF REVIEW

¶7 Whether a district court has violated a criminal defendant's right to be present at all critical stages of the defendant's trial is a constitutional matter and our review is plenary. *State v. Charlie*, 2010 MT 195, ¶ 21, 357 Mont. 355, 239 P.3d 934 (citing *State v. Berosik*, 2009 MT 260, ¶ 27, 352 Mont. 16, 214 P.3d 776.).

¶8 Ineffective assistance of counsel claims raise mixed questions of fact and law which we review de novo. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861; *State v. Rovin*, 2009 MT 16, ¶ 24, 349 Mont. 57, 201 P.3d 780. We will review ineffective assistance claims on direct review when the claims are based solely on the record. *Rovin*, ¶ 24. However, if the record does not demonstrate "why" counsel did or did not take an

4

action which is the basis of the claim, the claim is more suitable for a petition for postconviction relief where a record can be more fully developed. *State v. Sartain*, 2010 MT 213, ¶ 30, 357 Mont. 483, 241 P.3d 1032.

## DISCUSSION

¶9      *Was Heavygun's right to be present at all critical stages of his criminal proceeding violated when he was not allowed to be present at his omnibus hearing?*

¶10      Heavygun argues that the District Court violated his constitutional and statutory rights to be present at all critical stages of his trial when it refused his request to be present at an omnibus hearing, and thus his convictions should be reversed. Heavygun urges this Court to hold the omnibus hearing a critical stage of the proceedings. The State counters that we should decline to review Heavygun's argument because he does not challenge the constitutionality of § 46-13-110, MCA. Alternatively, the State argues that the omnibus hearing is not a critical stage, and even if it was, Heavygun was not prejudiced by his absence.

¶11      Both the United States Constitution and the Montana Constitution guarantee the defendant's right to be present at the criminal proceedings against him. U.S. Const. amend. VI; Mont. Const. art. II, § 24; *Charlie*, ¶ 40. A defendant also has a due process right to be present in person whenever his presence has a reasonably substantial relation to the fullness of his opportunity to defend against the charge. *Charlie*, ¶ 40; *State v. Price*, 2009 MT 129, ¶ 21, 350 Mont. 272, 207 P.3d 298.

5

¶12 The fundamental right to be present applies, without exception, at all "critical stages" of the proceedings. *Price*, ¶ 22. A "critical stage" is any step of the proceeding where there is potential for substantial prejudice to the defendant. *Charlie*, ¶ 40; *State v. Matt*, 2008 MT 444, ¶ 17, 347 Mont. 530, 199 P.3d 244 (overruled on other grounds by *Charlie*, ¶ 45[1]); *Ranta v. State*, 1998 MT 95, ¶ 17, 288 Mont. 391, 958 P.2d 670. "Critical stages" include, but are not limited to: a telephone conference discussing the impact of newly discovered evidence on the defendant's trial, *Charlie*, ¶ 41; an in-chambers conference discussing evidentiary issues and a motion to dismiss, *Matt*, ¶¶ 19-20; individual, in-chambers voir dire of jurors, *Berosik*, ¶ 32.

¶13 When considering whether a district court has violated a defendant's right to be present, we generally first consider whether the defendant was excluded from a "critical stage" of the proceeding. *Price*, ¶ 23. Where a district court has violated a defendant's right to be present, that violation alone does not constitute automatic reversible error. *Id*. at ¶ 24. When the record shows the defendant was not prejudiced, we have affirmed. *Id*.

¶14 Section 46-13-110, MCA, governs omnibus hearings. That section provides:

(1) Within a reasonable time following the entry of a not guilty plea but not less than 30 days before trial, the court shall hold an omnibus hearing.

(2) The purpose of the hearing is to expedite the procedures leading up to the trial of the defendant.

---

[1] *Matt* was overruled "to the limited extent that *Matt* imposed a presumption of prejudice where the defendant is excluded from a critical stage of the proceedings in matters of non-structural error." *Charlie*, ¶ 45.

(3)     The presence of the defendant is not required, unless ordered by the court. The prosecutor and the defendant's counsel shall attend the hearing and must be prepared to discuss any pretrial matter appropriate to the case, including but not limited to:

    (a)   joinder and severance of offenses or defendants, 46-11-404, 46-13-210, and 46-13-211;
    (b)   double jeopardy, 46-11-410, 46-11-503, and 46-11-504;
    (c)   the need for exclusion of the public and for sealing records of any pretrial proceedings, 46-11-701;
    (d)   notification of the existence of a plea agreement, 46-12-211;
    (e)   disclosure and discovery motions, Title 46, chapter 15, part 3;
    (f)   notice of reliance on certain defenses, 46-15-323;
    (g)   notice of seeking persistent felony offender status, 46-13-108;
    (h)   notice of other crimes, wrongs, or acts, 46-13-109;
    (i)   motion to suppress, 46-13-301 and 46-13-302;
    (j)   motion to dismiss, 46-13-401 and 46-13-402;
    (k)   motion for change of place of trial, 46-13-203 through 46-13-205;
    (l)   reasonableness of bail, Title 46, chapter 9; and
    (m)  stipulations.

(4)     At the conclusion of the hearing, a court-approved memorandum of the matters settled must be signed by the court and counsel and filed with the court.

(5)     Any motions made pursuant to subsections (1) through (3) may be ruled on by the court at the time of the hearing, where appropriate, or may be scheduled for briefing and further hearing as the court considers necessary.

¶15     The parties are statutorily mandated to bring any defense, objection, or request capable of determination without trial of the general issue, including motions to suppress, at or before the omnibus hearing, or at the latest, by the subsequent date ordered by the district court. *State v. VonBergen*, 2003 MT 265, ¶ 11, 317 Mont. 445, 77 P.3d 537; *but see State v. Passmore*, 2010 MT 34, ¶ 31, 355 Mont. 187, 225 P.3d 1229 (rejecting the argument that a motion to dismiss for preaccusation delay cannot be raised after the deadlines set by the trial

7

court for filing other pretrial motions). A party's failure to do so constitutes a waiver. *VonBergen*, ¶ 11; *State v. Griffing*, 1998 MT 75, ¶ 10, 288 Mont. 213, 955 P.2d 1388; § 46-13-101(2), MCA.

¶16 In Heavygun's case, he was not prejudiced by his absence from the omnibus hearing, so we decline to consider whether an omnibus hearing is a "critical stage." *See Price*, ¶ 25. Our analysis will proceed assuming that the omnibus hearing was a critical stage, and it is clear from the record that Heavygun did not waive his right to be present. *Id*.

¶17 Heavygun's absence from the omnibus hearing was not a structural defect. "Structural defects are constitutional violations which so infect and contaminate the framework of a trial so as to render it fundamentally unfair, requiring automatic reversal." *Charlie*, ¶ 40. Based on the record, as explained below, we cannot say that the omnibus hearing held August 5, 2009, rendered the trial, ultimately held in April 2010, so fundamentally unfair that reversal is required. Therefore, we proceed under the harmless error analysis. *See Charlie*, ¶ 41. It is the State's burden to persuade the Court that the violation, Heavygun's absence from the omnibus hearing, was harmless. *Id*. at ¶ 45.

¶18 From the record, we can find no prejudice suffered by Heavygun. Here, the District Court met with counsel for Heavygun and the State at the omnibus hearing. No verbatim record was made, but a memorandum covering the discovery process, statutory notices, defenses, anticipated motions and a motion schedule, trial date, and jury instructions was completed by both counsel and filed. While it is true that failure to raise defenses, objections, or certain other matters constitutes waiver, none of these issues were waived in

8

Heavygun's case. Heavygun's affirmative defense of justifiable use of force was disclosed. His intent to make numerous pre-trial motions was disclosed, including discovery motions, motions to dismiss for lack of speedy trial and on double jeopardy grounds, motions to suppress certain evidence, a motion to add witnesses, a motion in limine, and several additional motions relating to "improper omnibus, venue, indiv. Voir dire, lack of P.C." No substantive rulings on any statutorily listed motion could have been made, as the memorandum contains a briefing schedule for such motions. It appears that, after the omnibus hearing, only one motion in limine was made by Heavygun. Heavygun did not attempt to make any motion that was barred by failure to disclose it at the omnibus hearing.

¶19 Based on these facts, we find Heavygun suffered no prejudice as a result of his absence from the omnibus hearing. The District Court did not commit reversible error.

¶20 *Was Heavygun's counsel ineffective?*

¶21 Heavygun argues his constitutional right to effective assistance of counsel was violated because he did not have continuous representation by one attorney, but rather was "subjected to a revolving door of three different attorneys of record" along with others who appeared sporadically, and because his counsel failed to communicate with him.

¶22 Criminal defendants are guaranteed the right to effective assistance of counsel. U.S. Const. amend. VI; Mont. Const. art. II, § 24; *Sartain*, ¶ 29. We review claims of ineffective assistance of counsel under the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Sartain*, ¶ 29. However, when ineffective assistance of counsel claims are raised on direct appeal, we will first consider whether the claims are more appropriately

9

addressed in a post-conviction proceeding. *Id*. at ¶ 30. Because our review of ineffective assistance of counsel claims is subject to the "strong presumption" that counsel's actions fell "within the wide range of reasonable professional assistance," a record which is silent about the reasons for counsel's actions or omissions seldom provides sufficient evidence to rebut this presumption. *Id*. Therefore, if the record does not demonstrate "why" counsel did or did not take an action which is the basis of the claim, the claim is more suitable for a petition for postconviction relief where a record can be more fully developed. *Id*.

¶23 Here, the record does not demonstrate the reasoning (the "why") behind any of the alleged errors committed by Heavygun's counsel. His claims are better addressed in postconviction proceedings, where a record can be fully developed.

## CONCLUSION

¶24 For the reasons stated above, we affirm the District Court on the first issue, and dismiss Heavygun's ineffective assistance claims without prejudice to raising them in a postconviction proceeding.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ JIM RICE