

DA 11-0040

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 26

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

CHARLES EDWARD CLARY,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 09-342
Honorable Julie Macek, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

      Joseph Palmer Howard, Attorney at Law; Great Falls, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

      John Parker, Cascade County Attorney; Josh Racki, Deputy County
Attorney; Great Falls, Montana


                Submitted on Briefs:  January 4, 2012

                          Decided:  February 7, 2012


Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Appellant Charles Edward Clary appeals his conviction from the Eighth Judicial District, Cascade County, for aggravated burglary and two counts of assault with a weapon. We consider the following issues:

¶2 **1. Whether Clary's right to be present at all critical stages of his criminal proceeding was violated by his absence from the omnibus hearing.**

¶3 **2. Whether the District Court erred in allowing Clary to continue pro se without conducting further inquiry into Clary's complaints regarding his attorney.**

¶4 **3. Whether Clary was denied effective assistance of counsel based on Clary's assertion that his attorney had spent only thirty minutes communicating with Clary over a seven-month period.**

## PROCEDURAL AND FACTUAL BACKGROUND

¶5 On August 13, 2009, Clary was charged with Aggravated Burglary and two counts of Assault with a Weapon. The State asserted that on July 28, 2009, Clary entered the home of an acquaintance, Nathan Rolfs, engaged in an altercation, and struck Rolfs and his wife, Nichole Neuhaus, with the handle of an axe or hammer. Both Rolfs and Neuhaus were injured in the altercation.

¶6 On August 26, 2009, Public Defender Jeffry Olson was appointed to represent Clary. The day before the omnibus hearing, Olson filed a motion to have his client transported to the proceeding as Clary had not posted bail. The District Court did not rule on the motion and the omnibus hearing proceeded without Clary present.

¶7 On February 23, 2010, Olson filed a motion to dismiss on the grounds that Clary's right to a speedy trial had been violated. The court held a hearing on the motion the day

2

the trial was scheduled to begin. Olson called Clary as a witness and asked him to explain how the delay and his pretrial incarceration had caused him hardship. In response, Clary stated:

> Well, your honor, if I may read the brief before I testify to it. Counsel and I haven't had any opportunity to prepare for this case. I have seen my counsel probably about 30 minutes in about seven months. I'm prepared to go to trial pro se, but I would ask my defense counsel to recuse himself for lack of – of – trying to represent me . . . . I haven't really been brought up to speed. I've been sitting in jail, and I've got 20 pieces of paper as far as it goes for discovery. With them 20 pieces of paper, I wanted to represent myself in my own defense but I'm not going to let Jeff do it, it's impossible, no. He can't. He's not prepared. Every time I went to build my defense I've been shut down.

¶8 Clary also indicated he was denied the opportunity to attend his omnibus hearing. The following exchange then occurred between the court and Clary:

> THE COURT: [I will] just explain a couple of things to you. Do you understand the omnibus hearing isn't even a hearing in front of a judge? It's a time when they meet with the law clerk and fill out a piece of paper. That's all that happens at an omnibus hearing.
>
> CLARY: Right. He stipulated some stuff in there, and I didn't give him permission to stipulate anything.
>
> THE COURT: Well, what he did was he asserted that he was going to raise a justifiable use of force defense for you, and that he was going to file a motion for speedy trial, if that became a problem and reserve the right to file any other motions that were appropriate for you. So I don't know that – I don't see that he stipulated anything or gave anything away that affected your ability to have – have the evidence presented to you [sic] at trial.
>
> Now, in regards to his situation with you, he has filed a motion for a speedy trial. The jury instructions have been presented to the Court for a self-defense claim. It's my understanding that witness interviews have taken place and that Mr. Olson has represented to this Court that he's prepared to go forward on your behalf here today.

3

¶9 Clary voiced further concern, stating, "I don't know what the prosecutor is going to present in this case due to the fact that I've had these disclosure issues with Jeff Olson[.]" In response, Olson stated,

> To the best of my knowledge, Your Honor, all the discovery, the documentary discovery that we've received from the state, has been copied and given to Mr. Clary. . . I don't think there's anything that we've received from the state that we haven't provided to Mr. Clary. And also at this time I would like to go on the record and try and impress upon Mr. Clary that it's against my advice that he go – proceed with trial without me.

The court then advised Clary about the many dangers of representing himself and the benefits of being represented by counsel. Clary nonetheless insisted he would like to continue pro se. The court provided Clary time to review a Waiver of Right to Counsel, which Clary indicated he understood and then signed. The court concluded the speedy trial hearing and denied Clary's Motion to Dismiss.

¶10 The court also addressed Clary's contention regarding his absence from the omnibus hearing. It determined an omnibus hearing was not a critical stage of the proceedings because, in Cascade County, it "is simply a meeting with a law clerk wherein the attorneys fill out a written form, and there is no interaction with the Court other than the parties circling certain information."

¶11 After the hearing, Clary represented himself during the trial. Pursuant to the court's instruction, Olson remained present as standby counsel for Clary. At the conclusion of the trial, the jury found Clary guilty on all three counts.

**STANDARD OF REVIEW**

¶12 "Whether a district court has violated a criminal defendant's right to be present at all critical stages of the defendant's trial is a constitutional matter and our review is plenary." *State v. Heavygun*, 2011 MT 111, ¶ 7, 360 Mont. 413, 253 P.3d 897. We will not disturb a district court's finding that a defendant waived his right to counsel as long as substantial credible evidence exists to support that decision. *State v. Colt*, 255 Mont. 399, 407, 843 P.2d 747, 752 (1992). Claims of ineffective assistance of counsel present mixed issues of law and fact which we review de novo. *Heavygun*, ¶ 8. We will review such claims when they are based solely on the record. *State v. Rovin*, 2009 MT 16, ¶ 24, 349 Mont. 57, 201 P.3d 780. "[I]f the record does not demonstrate 'why' counsel did or did not take an action which is the basis of the claim, the claim is more suitable for a petition for postconviction relief where a record can be more fully developed." *Heavygun*, ¶ 8.

**DISCUSSION**

¶13 **1. Whether Clary's right to be present at all critical stages of his criminal proceeding was violated by his absence from the omnibus hearing.**

¶14 The United States Constitution and the Montana Constitution guarantee defendants the right to be present at the criminal proceedings against them. U.S. Const. amend. VI; Mont. Const. art. II, § 24. This right applies to all "critical stages" of the proceedings. *State v. Price*, 2009 MT 129, ¶ 23, 350 Mont. 272, 207 P.3d 298. "If a defendant was excluded from a critical stage in the proceedings, the prejudice against the defendant is presumed and the State bears the burden of proving the prejudice was

5

harmless." *State v. Charlie*, 2010 MT 195, ¶ 40, 357 Mont. 355, 239 P.3d 934. Further, if "the violation constitutes a 'structural defect,' the presumption of prejudice is conclusive." *Charlie*, ¶ 40 (citation omitted).

¶15 We have defined a critical stage as "any step of the proceeding where there is potential for substantial prejudice to the defendant." *State v. Matt*, 2008 MT 444, ¶ 17, 347 Mont. 530, 199 P.3d 244 (overruled on other grounds by *Charlie*, ¶ 45). Examples of proceedings we have found to be critical stages include: individual voir dire of jurors, *State v. Berosik*, 2009 MT 260, ¶ 32, 352 Mont. 16, 214 P.3d 776; an in-chambers conference on evidentiary issues and a motion to dismiss for insufficient evidence, *Matt*, ¶¶ 19-20; and a telephone conference with the court to discuss newly discovered evidence, in which defense counsel agreed to vacate the trial date so that he could evaluate the new evidence, *Charlie*, ¶¶ 7, 41.

¶16 The purpose of the omnibus hearing is "to expedite the procedures leading up to the trial of the defendant." Section 46-13-110(2), MCA. The statute does not require the presence of the defendant, "unless ordered by the court." Section 46-13-110(3), MCA.

¶17 It appears to be the usual practice of the Eighth Judicial District to conduct omnibus hearings by having both parties meet with a law clerk rather than with the district court judge. The State and the defense then indicate, on a standard form, information relevant to the given case, including motions they intend to file and affirmative defenses the defendant will raise. No verbatim transcript of the proceedings is made, and the only record of the hearing is the written responses of the parties on the

6

memorandum provided. No substantive issues are addressed or ruled on at the hearing, which is in effect conducted as a scheduling conference. The memorandum states:

> All pre-trial and miscellaneous motions (not otherwise limited herein) with supporting briefs, including requests for oral argument or evidentiary hearing, shall be filed no later than 4 weeks before trial. . . **Any motion not noticed in this order and/or not filed in conformity with this order will be allowed only for good cause shown.** [Emphasis in original.]

After completing the form, both parties stipulate to its contents and the District Court signs the stipulation before it is filed with the court.

¶18 Here, the omnibus hearing was conducted pursuant to the Eighth Judicial District's protocol and with the purpose of obtaining disclosures from both parties concerning what motions they planned to file and issues that might arise. The proceeding included neither discussion nor resolution of any substantive issues pertaining to Clary's case. There was no interaction with the court aside from the parties checking boxes indicating their positions on general and reoccurring issues related to criminal trials. Olson checked the boxes relevant to this case in the "Motions" category and indicated Clary would be relying on the defense of justifiable use of force. Although Clary stated Olson stipulated matters to which Clary did not consent, he fails to indicate any particular concessions Olson made, or how they worked to his detriment. Even had Clary advanced a precise argument in this regard, the omnibus memorandum indicates motions outside its purview still may be filed upon a showing of good cause. Accordingly, Clary's omnibus hearing did not create the potential for substantial prejudice and did not constitute a critical stage requiring Clary's presence.

7

¶19 On appeal, Clary advances two additional arguments: (1) the omnibus hearing did not meet the statutory requirements of § 46-13-110, MCA, and (2) the Eighth Judicial District's practice violates Clary's right to equal protection. Clary failed to raise either of these contentions before the trial court and "we will not put a district court in error for failing to address an issue or an argument that was not made before it." *State v. Payne*, 2011 MT 35, ¶ 39, 359 Mont. 270, 248 P.3d 842.

¶20 In his reply brief, Clary argues these claims should be reviewed for plain error. We will exercise discretionary review under the plain error doctrine when "failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the questions of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1996) (overruled in part by *State v. Gallagher*, 2001 MT 39, ¶ 21, 304 Mont. 215, 19 P.3d 817). Since we have concluded that Clary's omnibus hearing did not constitute a critical stage in the criminal proceedings against him, we decline to invoke plain error review of his additional arguments.

¶21 **2. Whether the District Court erred in allowing Clary to continue pro se without conducting further inquiry into Clary's complaints regarding his attorney.**

¶22 Criminal defendants have a right to counsel under the Sixth Amendment of the United States Constitution and Article II, Section 24 of the Montana Constitution. Defendants also have a right to represent themselves if they "knowingly and intelligently" waive the right to counsel. *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975); *Colt*, 255 Mont. at 403-04, 843 P.2d at 749-50. In addition, "a

8

request to proceed pro se must be unequivocal." *State v. Dethman*, 2010 MT 268, ¶ 22, 358 Mont. 384, 245 P.3d 30. "District court judges are in the best position to determine whether the defendant has made a knowing and intelligent waiver of his right to counsel." *Colt*, 255 Mont. at 406, 843 P.2d at 751.

¶23 Here, substantial evidence in the record supports the District Court's finding that Clary made a voluntary, knowing and intelligent waiver of his right to counsel. Once Clary indicated a desire to represent himself in his trial, the District Court warned Clary of the dangers in doing so because Olson knew the laws of evidence, knew the appropriate procedure for selecting jurors, and would call witnesses on Clary's behalf. The court also impressed upon Clary that Olson was prepared to go forward with trial as scheduled and the court could not give Clary special treatment during the trial simply because Clary was unfamiliar with the law. Clary told the judge he understood, and still wanted to proceed on his own:

> THE COURT: Now, as far as your case is concerned, if you wanted to represent yourself I need to advise you of several things, and that is that first and foremost if you waive your right to counsel here today and proceed on your own [you're] held to the same standards as an attorney. I can't help you. The rules of evidence apply. You're – everything that your attorney would do you're expected to do, and the fact that you don't know how to do it, I can't take into consideration. I can't assist you. And the same standards apply whether Mr. Olson is here representing you or not and –
>
> CLARY: I – I understand.
>
> THE COURT: And if you waive your right to counsel then you're giving up your right to have – be represented here. You're also in a position where you need to understand a few things. First off, that the – you know,

9

your attorney is trained and experienced and spends a great deal of time in the court trying cases.

CLARY: I understand.

.   .   .

THE COURT: And you also, if you were representing yourself, you can't – you can't have as a grounds of appeal that you didn't know what you were doing.

CLARY: I understand.

THE COURT: So you are – this is a situation where you –

CLARY: Yeah, I – I would like to represent myself. I know I have a constitutional right to represent myself. The reason I'm asking to represent myself is for the simple fact that my attorney that's been appointed by this Court has spent an entire of 30 minutes with me prepping for this.

¶24    In addition, Clary signed a six-page Waiver of Right to Counsel that contained multiple pages of warnings about the dangers and disadvantages of proceeding pro se, and he indicated he understood the waiver. Although Clary stated he was requesting to represent himself because of Olson's inaction, this does not necessarily negate his waiver. "The fact that some of [the defendant's] statements of his preference to proceed pro se were accompanied by expression of his feeling 'forced' to do so does not render those statements equivocal." *U.S. v. Robinson*, 913 F.2d 712, 714 (9th Cir. 1990); *see also U.S. v. Allen*, 153 F.3d 1037, 1042 (9th Cir. 1998). Here, Clary's discontent with Olson was not sufficient to invalidate the assertion of his right to represent himself.

¶25    Clary contends the District Court erred when it failed to conduct an "adequate initial inquiry" to determine whether Clary's claim of ineffective assistance of counsel

10

was "seemingly substantial" pursuant to *State v. Happel*, 2010 MT 200, ¶ 14, 357 Mont. 390, 240 P.3d 1016 (citations omitted). Relying on *City of Billings v. Smith*, 281 Mont. 133, 137, 932 P.2d 1058, 1061 (1997), Clary argues it was reversible error for the court to not question Clary further on the matter. Clary's reliance on the above authority is misplaced. In *Happel* we stated, "[i]f a defendant asserts denial of effective assistance *and requests appointment of new counsel*, a district court must conduct an 'adequate initial inquiry' to determine whether the defendant's claim is 'seemingly substantial.'" *Happel*, ¶ 14 (emphasis added). Likewise, in *Smith*, the defendant asked for a continuance several times during trial so he could get a different attorney to represent him. 281 Mont. at 135, 932 P.2d at 1059.

¶26 In this case, Clary did not present a motion or any other request to the trial court seeking new counsel. Rather, on the first day of trial as he was called to testify in support of a motion Olson had filed in his defense, he expressed concern that his lawyer had not spent enough time with him. At the outset of Clary's complaints, he specifically stated, "I'm prepared to go to trial pro se . . . ." Clary never indicated he wanted a new attorney and, instead, only informed the court he wanted to represent himself.

¶27 Clary asserts that, although he did not specifically state he wanted another lawyer, this Court has previously upheld substance over form. *Finley*, 276 Mont. at 142, 915 P.2d at 218. In *Finley*, a pro se defendant filed a motion with the court for a change of venue, although the substance of the motion largely was dedicated to Finley's complaints regarding his attorney. Finley wrote, "[t]he accused does not feel comfortable and

11

confident with the council [sic] [], accused feels he's not getting the Effective [sic] representation from [his attorney]." *Finley*, 276 Mont. at 142, 915 P.2d at 218. In that case, we stated, "we look to the substance of the motion, not simply its title," and held the district court erred in failing to inquire into Finley's complaints; however, the error was harmless because the court conducted a hearing after trial on Finley's concerns. *Finley*, 276 Mont. at 142-43, 915 P.2d at 218-19. In contrast, Clary cannot predicate error on the District Court's failure to examine the substance of a motion he never filed.

¶28 We have held that if a defendant does not request substitute counsel, the defendant "fail[s] to implicate the 'seemingly substantial' analysis and the need for a subsequent hearing" on his complaints about his lawyer. *State v. Racz*, 2007 MT 244, ¶ 20, 339 Mont. 218, 168 P.3d 685; *State v. Molder*, 2007 MT 41, ¶ 33, 336 Mont. 91, 152 P.3d 722 (if a defendant does not request substitute counsel, a separate hearing is not required). Clary never filed any motion and never asked for substitute counsel. We will not fault the District Court for failing to assume that is what Clary desired after the court expressly ascertained his wish to proceed pro se, or for failing *sua sponte* to appoint substitute counsel. Absent a claim of ineffective assistance of counsel, coupled with a request for another attorney, the District Court was not required to conduct further inquiry into the matter. *See Robinson*, 913 F.2d at 716 (distinguishing a case where the defendant expressed his dissatisfaction with appointed counsel and decided to represent himself from cases where defendants requested substitute counsel). Based on the record, we conclude the District Court appropriately inquired into whether Clary was voluntarily

12

and knowingly waiving his right to counsel, and did not abuse its discretion in allowing him to proceed pro se.

¶29   **3. Whether Clary was denied effective assistance of counsel based on Clary's assertion that his attorney had spent only thirty minutes communicating with Clary over a seven-month period.**

¶30   To succeed on an ineffective assistance of counsel claim, a defendant must establish:   (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense.  *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064.  A record that is silent about the reasons for counsel's actions or omissions seldom provides sufficient evidence to rebut the "strong presumption" that counsel's actions fell "within the wide range of reasonable professional assistance."  *State v. Sartain*, 2010 MT 213, ¶ 30, 357 Mont. 483, 241 P.3d 1032 (citations omitted).  Accordingly, if the record does not demonstrate why counsel did or did not take the actions constituting the alleged ineffective assistance, the claims are better raised by a petition for postconviction relief. *Sartain*, ¶ 30.

¶31   Clary contends his ineffective assistance claim is reviewable on direct appeal because there is no plausible justification for spending only thirty minutes with a defendant over a seven-month period.   The State argues that the record does not demonstrate Clary's allegation was accurate because Olson never verified Clary's assertion.  We agree.  Without a fully developed record of what Olson actually did to

13

prepare Clary's case for trial, the issue cannot be resolved and we therefore decline to address it on direct appeal.

¶32 The judgment of the District Court is affirmed.


/S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE