DA 12-0589

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 268N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

CRYSTAL LEE LUNDBERG,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 11-0025
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Wade Zolynski, Chief Appellate Defender; Deborah S. Smith, Assistant
Appellate Defender; Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General; Helena, Montana

Scott Twito, Yellowstone County Attorney; Ed Zink, Senior Deputy
County Attorney; Billings, Montana

Submitted on Briefs: August 28, 2013

Decided: September 17, 2013

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Crystal Lee Lundberg appeals her conviction by guilty plea of aggravated assault and evidence tampering on the ground the District Court did not conduct an adequate inquiry into her concerns of ineffective assistance of counsel. She also appeals the amount of restitution ordered in her judgment as well as the requirement that she pay the public defender fee and certain other costs imposed in her sentence. We affirm on the first two issues and remand on the third issue.

¶3      On January 18, 2011, Lundberg was charged by Information with felony attempted deliberate homicide with a weapons enhancement, felony tampering with or fabricating physical evidence, and felony criminal endangerment. These charges were in connection with a shooting on December 20, 2010, that left L.S., a then 25-year-old female and mother of three, blind in one eye, paralyzed in parts of her body, and disfigured from a gunshot wound to her face.

¶4      Subsequently, in an amended Information, in addition to the deliberate homicide charge, Lundberg was charged with aggravated assault with a weapons enhancement, two counts of tampering with evidence and one count of criminal endangerment, all felony charges.

¶5 On March 26, 2012—the day her jury trial was set to begin—Lundberg entered a change of plea and pled guilty to aggravated assault with a weapons enhancement and one count of tampering with physical evidence. In return, the State agreed to dismiss the remaining charges including the attempted deliberate homicide charge. Consequently, the court conducted a change of plea hearing instead of the scheduled trial. Prior to commencement of the hearing, Lundberg and her counsel met in chambers with the District Court judge for approximately two minutes to discuss "defense representation." Subsequently, all parties with counsel met in the judge's chamber to discuss discovery matters and Lundberg's decision to change her plea. These were off-the-record meetings with no transcripts or audio recordings. At the change of plea hearing following the in-chambers meetings, Lundberg unequivocally testified in open court that she was satisfied with her counsel. Her counsel also restated, as he claimed to have done in chambers, that Lundberg withdrew her *Finley* claim.[1]

¶6 A sentencing hearing was conducted on July 18, 2012. L.S.'s testimony was followed by a statement by the prosecutor who, among other things, informed the court for the first time that the amount of restitution Lundberg owed was $27,120.55. Defense counsel then addressed the court and challenged particular probation conditions included in the State's sentence recommendation. Lastly, Lundberg read a statement into the record in which she complained that she had pled guilty "due mostly to coercion to scare

---

[1] A *Finley* claim occurs when a defendant complains about effectiveness of counsel. Upon a showing of a seemingly substantial complaint about counsel, the district court should conduct a hearing to determine the validity of the defendant's claim. *State v. Finley*, 276 Mont. 126, 142-43, 915 P.2d 208, 218-19 (1996), *overruled on other grounds by State v. Gallagher*, 2001 MT 39, 304 Mont. 215, 19 P.3d 817.

tactics [sic]." Despite the length and detail of her statement, she did not elaborate on the "coercion" or "scare tactics" she claimed caused her to enter her plea. At the conclusion of her statement, the District Court immediately proceeded to sentence Lundberg without questioning her regarding her allegations of coercion.

¶7 Lundberg was sentenced as follows:

Aggravated Assault: 20 years at Montana Women's Prison (MWP) plus a consecutive term of 10 years in MWP for weapons enhancement, with 5 suspended. Payment of restitution in the amount of $27,120.55.

Tampering with Evidence: Five years at MWP, suspended to run consecutive to the aggravated assault sentence.

As noted above, Lundberg objected to several conditions of her sentence including payment of the recommended public defender fee but did not object to the ordered restitution.

¶8 Lundberg appeals her conviction. We affirm in part and remand in part.

¶9 Relying on *Finley*, Lundberg complains that the District Court failed to conduct an inquiry into her in-chambers, off-the-record allegations of ineffective assistance of counsel (IAC) and her in-court references to coercion and scare tactics. She urges this Court to vacate her conviction, set aside her guilty plea and remand the matter to the District Court with instructions to conduct an adequate inquiry into her IAC claims. Unlike *Finley*, however, where Finley made a pro se motion complaining of the effectiveness of counsel, Lundberg made no such motion to the District Court. Rather, she testified in open court that she was satisfied with counsel and her counsel reiterated to the court that Lundberg had withdrawn her *Finley* claim. Lundberg did not dispute this

4

statement nor did she file, at any time prior to the change of plea or sentencing hearings, a motion claiming ineffective assistance of counsel, requesting another attorney, or asking to be allowed to proceed as a self-represented litigant.

¶10     In *State v. Clary*, 2012 MT 26, ¶ 27, 364 Mont. 53, 270 P.3d 88, we stated that a defendant "cannot predicate error on the District Court's failure to examine the substance of a motion he never filed." Based upon Lundberg's failure to file a motion and her withdrawal of any previously-expressed oral concern about counsel, we conclude the District Court did not err in failing to conduct a *Finley* hearing.

¶11     Lundberg next claims the District Court erred in failing to order that the pre-sentence investigation (PSI) completed on May 23, 2012, include an affidavit setting forth a list of her assets, and describing specifically "the victim's pecuniary loss and the replacement value in dollars of the loss, submitted by the victim," as required by §§ 46-18-201(5), -241(1), and -242(1)(a) and (b), MCA.[2] She opines this failure renders the order that she pay $27,120.55 in restitution illegal. She also acknowledges that she failed to object to the restitution order at the time of sentencing but, relying on our decision in *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979), she asserts that because her sentence for restitution is illegal, this Court may review the sentence despite the absence of a contemporaneous objection.

¶12     In *Lenihan*, we recognized a narrow exception to the contemporaneous objection rule and held that this Court may review a criminal sentence that is alleged to be illegal or

---

[2] We note that while the PSI did not include a statement of L.S.'s pecuniary losses until the day Lundberg was sentenced, the May 2012 PSI did list Lundberg's assets as $0.

5

in excess of statutory mandates, even if the defendant failed to raise an objection in the district court at the time of sentencing. *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000. Subsequently, however, we concluded that while "a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence," it is "not necessarily an illegal one that would invoke the *Lenihan* exception." *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892; *see also State v. Johnson*, 2011 MT 286, ¶ 14, 362 Mont. 473, 265 P.3d 638. As in the case before us, Johnson argued his order of restitution was illegal because the PSI did not contain the statutory documentation pertaining to restitution. Citing *Kotwicki*, we held, "the sentence imposed, despite the asserted deficiencies in the PSI, rose 'to an objectionable sentence,' but it does not constitute an illegal sentence for purposes of *Lenihan* review." *Johnson*, ¶ 14.

¶13 Therefore, under our ruling in *Johnson*, Lundberg's sentence is "objectionable" rather than "illegal." Consequently, her failure to object to the lack of the affidavit at the sentencing hearing or to the order of restitution, the amount of restitution, or the manner in which the District Court derived the amount to be paid, constitutes a waiver of her right to challenge her restitution order on these grounds.

¶14 Lastly, the District Court included in the Judgment the requirement that Lundberg pay various costs, charges and fees, including a $500 payment to assigned defense counsel. Lundberg claims the court failed to conduct the statutorily-required inquiry into her ability to pay this counsel fee. Section 46-8-113(3), MCA (2009); § 46-8-113(3), MCA (2011). On appeal, the State concedes that both the 2009 and 2011 statutes require such an inquiry and recommends that Lundberg's sentence be remanded with instructions

6

to the District Court to determine on the record Lundberg's ability to pay the costs of defense counsel in accordance with the 2009 statute in effect at the time of Lundberg's sentencing.

¶15   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Issue 1 presents a legal issue that is controlled by settled Montana law which the District Court correctly interpreted.  Issue 2 was not preserved for appellate review.  Issue 3 presents a legal issue which the District Court incorrectly interpreted.  We therefore remand this issue to the District Court for a determination on the record of Lundberg's ability to pay counsel fees.

/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE