FILED

12/05/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0582

DA 16-0582

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 301N

ERIN CLYDE BULLMAN,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV-10-730(C)
                Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Erin Clyde Bullman, Self-Represented, Shelby, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
            Attorney General, Helena, Montana

            Edward J. Corrigan, Flathead County Attorney, David W. Randall, Deputy
            County Attorney, Kalispell, Montana

Submitted on Briefs:  September 27, 2017

Decided:  December 5, 2017

Filed:

_____
                       Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Erin Clyde Bullman (Bullman) appeals from a September 6, 2016 District Court order denying his petition for postconviction relief in which Bullman asserted ineffective assistance of trial counsel (IAC), prosecutorial misconduct, failure of the prosecutor to disclose material evidence, inadmissibility of other acts evidence, and improper exclusion of his expert.  We affirm.

¶3     In December 2006, the Honorable Katherine Curtis presided over Bullman's jury trial on the charges of incest and sexual assault against his stepdaughter, J.T.  After the prosecution rested, Bullman moved for a directed verdict on the incest charge asserting the State failed to prove Bullman had been married to J.T.'s mother.  The District Court denied the motion.  Bullman then argued Judge Curtis should not have decided the directed verdict issue, because Judge Curtis had previously issued the default judgment dissolving Bullman's marriage to J.T.'s mother.  Judge Curtis rejected the argument, finding that the defense had not previously objected to her ruling on the directed verdict and that substantial evidence had been admitted proving the marriage existed.

¶4    Upon his conviction, Bullman appealed. He asserted insufficiency of the evidence establishing common law marriage; improper jury instructions; failure of the court to instruct the jury to disregard portions of testimony; and errors in sentencing, including parole eligibility, conditions for parole, whether Bullman was sentenced more harshly because he did not admit guilt, and restitution. The appeal did not raise any issue concerning Judge Curtis' alleged conflict of interest. In *State v. Bullman*, 2009 MT 37, ¶¶ 17-23, 349 Mont. 228, 203 P.3d 768 (*Bullman I*), we affirmed Bullman's conviction, but reversed to correct improper sentencing conditions on parole. *Bullman I*, ¶ 39.

¶5    On May 19, 2010, Bullman filed a petition for postconviction relief (PCR) alleging (IAC), prosecutorial misconduct, failure of the prosecutor to disclose material evidence, inadmissibility of other acts evidence, and improper exclusion of his expert. After the State responded, the District Court granted Bullman several extensions to file his reply. On March 30, 2011, the day before his reply was due, Bullman sought leave to amend his petition. The District Court granted the motion to amend, but specifically prohibited Bullman from asserting new claims. Bullman petitioned this Court for supervisory control, alleging the District Court erred when it improperly barred him from raising new claims in his amended PCR petition. We denied that petition in *Bullman v. Curtis*, No. OP 11-0268, 362 Mont. 543, 272 P.3d 124 (table) (August 9, 2011) (*Bullman II)*.

¶6    Bullman then filed his amended petition on October 22, 2012. In direct violation of the District Court order, Bullman included new arguments in his amended petition. Unbeknownst to Bullman, Judge Robert Allison had assumed the bench replacing Judge

3

Curtis. Judge Allison had previously represented J.T.'s mother in the divorce from Bullman. On April 4, 2013, the District Court denied his amended petition. Bullman appealed.

¶7 On appeal, Bullman asserted the District Court erred by denying Bullman the right to raise additional claims in his amended PCR petition, Judge Curtis had an impermissible conflict of interest, Judge Allison had an impermissible conflict of interest, IAC of trial counsel, and prosecutorial misconduct. In *Bullman v. State*, 2014 MT 78, 374 Mont. 323, 321 P.3d 121 (*Bullman III)*, we determined that the District Court did not abuse its discretion when it precluded Bullman from asserting new claims in his amended PCR petition and that Bullman was prohibited from raising argument regarding Judge Curtis's conflict of interest because he failed to raise the issue on direct appeal; yet we agreed that Judge Allison was disqualified and we remanded Bullman's amended PCR petition for reconsideration by a different judge. We declined to reach the merits of Bullman's IAC and prosecutorial misconduct claims in his PCR petition.

¶8 On remand, the Honorable Heidi J. Ulbricht considered Bullman's petition for postconviction relief. On September 6, 2016, the District Court denied his petition, finding it consisted largely of opinion and conclusory allegations. Specifically, the District Court found that Bullman's trial counsel: reasonably investigated legitimate avenues for a meritorious defense that were available to him at the time; that the defense was prohibited from cross-examining the victim concerning her prior sexual conduct unless a statutory exception applied, § 45-5-511(2), MCA, which the court determined did not exist in this case; that M. R. Evid. 608 prevented the defense from providing

4

character evidence or offering extrinsic evidence of the victim's conduct to attack her credibility; that an expert witness may offer opinions based on hypothetical questions and that expert testimony explaining the complexities of child sexual abuse for jurors to understand and evaluate a child victim's testimony is admissible; that sufficient evidence existed for the jury to find Bullman and J.T.'s mother were married and that no prejudice had been established; and that evidence of Bullman's grooming and sexual misconduct was not prohibited by M. R. Evid. 403, and a full evidentiary hearing was not necessary to determine that the evidence was not so prejudicial in comparison with its probative value. Bullman appeals.

¶9 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Lacey v. State*, 2017 MT 18, ¶ 13, 386 Mont. 204, 389 P.3d 233. We review discretionary rulings in postconviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion. *Lacey*, ¶ 13. Claims of ineffective assistance of counsel present mixed issues of law and fact which we review de novo. *State v. Clary*, 2012 MT 26, ¶ 12, 364 Mont. 53, 270 P.3d 88.

¶10 A petitioner seeking to reverse a district court's denial of a petition for postconviction relief bears a heavy burden. *Whitlow v. State*, 2008 MT 140, ¶ 21, 343 Mont. 90, 183 P.3d 861. A petition for postconviction relief must:

> (a) identify the proceeding in which the petitioner was convicted, give the date of the rendition of the final judgment complained of, and clearly set forth the alleged violation or violations;

5

(b) identify any previous proceedings that the petitioner may have taken to secure relief from the conviction; and

(c) identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.

Section 46-21-104(1), MCA. We have explained that "unlike civil complaints, the postconviction statutes are demanding in their pleading requirements." *Kelly v. State*, 2013 MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120.

¶11 On appeal of the denial of his petition for postconviction relief, Bullman claims the court violated his confrontation clause and due process rights, the prosecution committed misconduct, the District Court erred in admitting evidence of prior acts, and his trial counsel was ineffective.

¶12 Grounds for relief in a petition for postconviction relief must be raised in the original or amended original petition, unless leave is granted by the court. Section 46-21-105(1)(a), MCA. While a petition may be amended, in this case the District Court precluded Bullman from raising new or additional grounds for relief in his amended petition, which we affirmed in *Bullman III*. Moreover, this Court will not consider new issues raised for the first time on appeal. *Ellenburg v. Chase*, 2004 MT 66, ¶ 14, 320 Mont. 315, 87 P.3d 473. Bullman failed to assert claims regarding his confrontation clause or due process rights in his original petition. In violation of the District Court order, Bullman included these claims in his amended petition. Therefore, we decline to address these claims.

¶13 On appeal, Bullman asserts misconduct by the prosecution. Bullman asserts the prosecution interfered with his cross-examination of the State witnesses and that the

6

prosecutor colluded with the defense to educate the State's expert. Claims that were or could have been reasonably raised on direct appeal may not be raised, considered, or decided in a petition for postconviction relief. Section 46-21-105(2), MCA. Claims of prosecutorial misconduct not raised on direct appeal are procedurally barred in postconviction. *In re Martin*, 240 Mont. 419, 421, 787 P.2d 746, 748 (1989). Bullman raised his collusion argument for the first time in his amended petition. As Bullman was precluded from raising new arguments in his amended petition, we decline to address his argument. Bullman's claims of prosecutorial misconduct are barred.

¶14 Bullman asserts the District Court erred in admitting evidence of prior acts. Bullman respectfully requests we refer to his argument in his petition for postconviction relief. Bullman makes no argument on appeal why or how the District Court erred. The appellate rules unquestionably preclude parties from incorporating any argument into appellate briefs by mere reference; appellate arguments must be contained within the appellate brief. *State v. Ferguson*, 2005 MT 343, ¶ 41, 330 Mont. 103, 126 P.3d 463. Bullman has failed to argue substantively that the District Court erred in allowing evidence of prior acts; therefore, we decline to address the claim.

¶15 Finally, Bullman argues his trial counsel was ineffective. This Court evaluates claims of ineffective assistance of counsel under the test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *Whitlow*, ¶ 10. First, the defendant must show that his attorney's performance was deficient by demonstrating that it fell below an objective standard of reasonableness. *Whitlow*, ¶ 14. There is a strong presumption that the attorney's performance fell within the wide range of reasonable

professional assistance, because there are "countless ways to provide reasonable assistance in any given case." *Whitlow*, ¶ 15; *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

¶16 Second, the defendant must show that his attorney's deficient performance prejudiced the defense. *Whitlow*, ¶ 10. The petition must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Because a defendant must prove both prongs, an insufficient showing under one prong eliminates the need to address the other. *Sartain v. State*, 2012 MT 164, ¶ 11, 365 Mont. 483, 285 P.3d 407.

¶17 Bullman asserts his trial counsel was ineffective because counsel: failed to obtain school, counseling, and medical records; colluded with the prosecution; failed to be familiar with the evidence to sufficiently present an alibi defense; failed to adequately investigate the case by failing to contact, interview, and subpoena witnesses; failed to effectively cross-examine, impeach, and discredit the State's expert witness Wendy Dutton, J.T.'s school counselor Joanna Lyon, and J.T.; and allowed Dutton's testimony to interrupt J.T.'s cross-examination.

¶18 A party alleging IAC on postconviction must come forward with specific factual allegations that establish by a preponderance of the evidence that the party is entitled to relief. Section 46-21-104, MCA; *Ellenburg*, ¶ 12. A petitioner seeking to reverse a district court's denial of a petition for postconviction relief based on a claim of ineffective assistance of counsel bears a heavy burden. *Whitlow*, ¶ 21. Bullman has not established the first prong of the *Strickland* test, that trial counsel's performance was

deficient or below an objective standard of reasonableness. Trial counsel's affidavit states he and his team investigated the witnesses whose names Bullman provided. However, trial counsel determined that, even if true, the information from these witnesses was likely inadmissible, was irrelevant, or would have been strategically unwise to introduce at trial. Trial counsel cannot be deemed to be ineffective for failing to attempt to introduce evidence he knew was inadmissible. M. R. Evid. 608; *Deschon v. State*, 2008 MT 380, ¶¶ 23-26, 347 Mont. 30, 197 P.3d 476. Trial counsel challenged the State expert's research and presented another expert witness to refute her conclusions. Trial counsel successfully challenged some of J.T.'s school counselor's assertions on cross. Bullman has failed to overcome the strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Lacey*, ¶ 24. On de novo review, we conclude trial counsel's actions were reasonable; therefore, consideration of the second *Strickland* prong is unnecessary.

¶19 We decline to address Bullman's other IAC arguments. Grounds for relief in a petition for postconviction relief must be raised in the original or amended original petition, unless leave is granted by the court. Section 46-21-105(1)(a), MCA. This Court will not consider an issue raised for the first time on appeal. *Ellenburg*, ¶ 15. Bullman did not allege in his original petition that counsel failed to obtain school, counseling, and medical records or that counsel colluded with the prosecution. For the first time on appeal, Bullman claims counsel failed to present an alibi defense. We decline to address these IAC claims.

9

¶20 Bullman is procedurally barred from raising arguments related to the alleged violations of his confrontation clause and due process rights. Bullman failed to raise prosecutorial misconduct claims in his direct appeal and is now barred from raising them on appeal. Bullman failed to argue the alleged prior acts evidentiary issue on appeal and therefore we decline to address it. Bullman has failed to overcome the strong presumption that trial counsel's performance fell within the wide range of reasonable professional assistance.

¶21 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶22 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE