FILED

03/24/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0143

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0143

CHARLES EDWARD CLARY,

Petitioner,

v.

STATE OF MONTANA, LYNN GUYER,
Warden, Montana State Prison,

Respondents.

FILED

MAR 2 4 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana



O R D E R

Representing himself, Charles Edward Clary petitions this Court for habeas corpus relief because he states that his sentence is illegal. Clary challenges his conviction based on his objection to the probable cause determination in his underlying criminal case. We amend the caption to include the Warden's name at the Montana State Prison where Clary is currently incarcerated. Section 46-22-201(1)(c), MCA.

Clary is currently serving a thirty-year prison term for convictions of aggravated burglary and two counts of assault with a weapon, after a jury found him guilty in 2010, in the Eighth Judicial District Court, Cascade County. These convictions are the basis of his petition. Clary appealed, and this Court affirmed. *State v. Clary*, 2012 MT 26, ¶ 32, 364 Mont. 53, 270 P.3d 88.

Clary contends that he "has been diligently pursuing a miscarriage of justice with the unconstitutional, no [warrant], no probable cause, 'oath or affirmation' mythology that permits the Montana judicial branch to [supersede] the 4th Amendment of the United States Constitution." He refers to an 1897 case, supporting his argument that he objected at trial, when he represented himself in the District Court, to the "unverification" of arrest because he was charged with a felony crime without a *Gerstein* hearing. *State ex rel. Nolan v. Brantly*, 20 Mont. 173, 50 P. 410 (1897); *see Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S. Ct. 854, 863 (1975) (the high court held "that the Fourth Amendment requires a judicial

determination of probable cause as a prerequisite to extended restraint of liberty following arrest.").

Clary's challenges to his convictions come too late to this Court. The habeas corpus statute bars "a person who has been adjudged guilty of an offense in a court of record and has exhausted his remedy of appeal[,]" to attack the validity of the conviction or sentence. Section 46-22-101(2), MCA. Clary's issue challenging a probable cause determination could have been raised in his initial appeal. We point out that Clary had a judicial determination of probable cause when the District Court granted the State leave to proceed with its charging documents. *Clary*, ¶ 5. See § 46-10-105(2), MCA and *State v. Montgomery*, 2015 MT 151, ¶ 11, 379 Mont. 353, 350 P.3d 77. Clary is barred to raise any such claim through a writ of habeas corpus. *Lott v. State*, 2006 MT 279, ¶ 19, 334 Mont. 270, 150 P.3d 337. Therefore,

IT IS ORDERED that Clary's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Charles Edward Clary personally.

DATED this 24 day of March, 2020.

Justices

2