IN THE SUPREME COURT OF THE STATE OF MONTANA

No. DA 06-0639

2006 MT 328

_____

ROGER DALE DILLARD,                               )
                                                  )
        Defendant and Appellant,                  )
                                                  )        O P I N I O N
    v.                                            )           and
                                                  )        O R D E R
STATE OF MONTANA,                                 )
                                                  )
        Plaintiff and Respondent.                 )

_____

¶1      Roger Dale Dillard (Dillard) was sentenced in the underlying criminal case in early

2002, with certain portions of the sentence being suspended.  Since that time, the District

Court has revoked his sentence and has re-sentenced him several times, most recently in July

2005.  On each occasion, the sentencing court considered and credited certain time against

Dillard's sentence.  In December of 2005, with the assistance of counsel, Dillard successfully

petitioned the sentencing court to modify his sentence by crediting additional time against his

imposed sentence.

¶2      In early September 2006, Dillard—appearing *pro se*—petitioned the trial court for

"Street Time Upon Successful Completion of Community Based Program."  The State

responded and, on September 11, 2006, the court summarily denied Dillard's petition without

a hearing, on the basis that it previously had considered and determined the number of days

credit for elapsed time.  On September 18, 2006, Dillard filed his Notice of Appeal.

1

¶3 Dillard subsequently filed a *pro se* motion with this Court for appointment of counsel and an affidavit to proceed *in forma pauperis* (IFP), asserting a right to waive both court costs and transcript costs and apparently seeking transcripts from his 2002 sentencing proceeding and his 2005 revocation proceeding.

¶4 On October 4, 2006, this Court denied, without prejudice, Dillard's *pro se* affidavit to proceed IFP because his affidavit failed to contain any statement of expenses, debts, obligations or liabilities. We also denied, without prejudice, Dillard's motion for appointment of counsel because he failed to set forth any statute, rule or case law demonstrating his entitlement to appointed counsel to challenge the District Court's order on his "Motion to Grant Street Time."

¶5 Dillard has now filed a response to this Court's denial of his motion to proceed IFP, to which he has attached the requisite statement establishing indigency. While Dillard seems to think that his IFP status also entitles him to transcripts at State expense, there is no authority for such a proposition. Therefore, Dillard's motion to proceed IFP should be granted, but only to the extent that he will not be required to pay the filing fee.

¶6 As to Dillard's motion for appointment of counsel, he now cites, without argument or analysis, various statutes that provide for the assignment of counsel. Specifically, Dillard cites § 46-8-101, MCA. This statute, effective July 1, 2006, provides:

> **Right to counsel**. (1) During the initial appearance before the [trial] court, every defendant must be informed of the right to have counsel and must be asked if the aid of counsel is desired.
> (2) If the defendant desires assigned counsel because of financial inability to retain private counsel and the offense charged is a felony or the offense is a misdemeanor and incarceration is a sentencing option if the defendant is convicted, the court shall order the office of state public defender, provided for in 47-1-201, to assign counsel to represent the defendant without

2

unnecessary delay pending a determination of eligibility under the provision of 47-1-111.

This statute does not apply in Dillard's case, however. Here, he is requesting the appointment of counsel before this Court—an appellate court—for purposes of appeal; he is not appearing before a trial court for his initial appearance. Moreover, the provision in the pre-July 1, 2006 version of this statute that required the appointment of counsel if "the interests of justice would be served by assignment" was not incorporated into the current version of the statute.

¶7    Dillard next cites to § 46-8-104, MCA. This statute, also effective July 1, 2006, provides:

> Any court of record may order the office of state public defender, provided for in 47-1-201, to assign counsel, subject to the provisions of the Montana Public Defender Act, Title 47, chapter 1, to defend any defendant, petitioner, or appellant in any postconviction criminal action or proceeding if the defendant, petitioner, or appellant desires counsel and is unable to employ counsel.

¶8    In addition, § 47-1-111, MCA[1], addresses the determination of indigence and eligibility for appointed counsel. This statute states, in pertinent part:

> (1)(a) Beginning July 1, 2006, when a court orders the office to assign counsel, the office shall immediately assign counsel prior to a determination under this section.
> (b) If the person for whom counsel has been assigned is later determined pursuant to this section to be ineligible for public defender services, the office shall immediately notify the court so that the court's order may be rescinded.
> (c) A person for whom counsel is assigned is entitled to the full benefit of public defender services until the court's order requiring the assignment is rescinded.

---

[1] Dillard cited to § 46-8-111, MCA, which was repealed effective July 1, 2006, and replaced by § 47-1-111, MCA.

3

(d) Any determination pursuant to this section is subject to the review and approval of the court.

(2)(a) An applicant who is eligible for a public defender only because the applicant is indigent shall also provide a detailed financial statement and sign an affidavit.

(b) The application, financial statement, and affidavit must be on a form prescribed by the commission.

¶9 Finally, Dillard cites §§ 46-8-201 and -212, MCA. However, both of these statutes were repealed effective July 1, 2006. Sections 74, 80(2), Ch. 449, L. 2005.

¶10 Based on the foregoing statutes, we are left to determine whether to appoint or to refuse to appoint counsel under the provisions of § 46-8-104, MCA. This decision is problematic because this statute is poorly drafted in a number of respects.

¶11 First, § 46-8-104, MCA, provides that counsel may be appointed by any court of record. This Court is a "court of record." Section 3-1-102, MCA. This Court is ill-equipped, however, to appoint counsel where the *pro se* request for appointment of counsel lacks clarity, specificity, appropriate legal research and where the record of the proceedings in the trial court may not be adequately developed factually or legally. Unfortunately, these sorts of deficient motions are being filed in increasing numbers since the Legislature enacted the Montana Public Defender Act (Title 47, MCA) and amended other statutes in Title 46, MCA. In these circumstances, we are left with several equally undesirable alternatives: make our decision on an uninformed, ad hoc basis; require a response from the Attorney General in the hope that that office will clarify the situation; or remand to the trial court for further proceedings to develop the record factually and legally. None of these alternatives are appropriate; the first typically produces bad decisions that are inconsistent from case to

case, and the latter two waste the time and resources of the Attorney General and the lower court, and simply generate more proceedings.

¶12 The second deficiency in § 46-8-104, MCA, is that a court's determination to appoint or to not appoint counsel is completely discretionary—"[a]ny court of record *may* order [assignment of the public defender]" (emphasis added). Because the Legislature failed to include within the statute any criteria, parameters or guidance for the exercise of discretion, every court of record in this State is left to make its own ad hoc decision when the appointment of counsel is requested. There is no guarantee of consistency in this decision-making process from court to court or from judicial district to judicial district. Moreover, since decisions to appoint or to not appoint counsel—including those decisions made by this Court—are seldom, if ever, published, there is no jurisprudential data-base which a court of record can research to insure that its decision comports with the law and with the decisions of other courts in similar cases.

¶13 The third—and most glaring—flaw in § 46-8-104, MCA, is the provision that a "defendant, petitioner, or appellant" who "desires and is unable to employ counsel" may be appointed counsel in any "postconviction criminal action or proceeding." First of all, the use of the terminology "defendant, petitioner, or appellant" is extremely broad. It covers persons who are being prosecuted, who are appealing a conviction or some other final order of a lower court, or who are petitioning for collateral relief under the postconviction (Title 46, Chapter 21, MCA) or habeas corpus (Title 46, Chapter 22, MCA) statutes. While that phraseology, in and of itself, may not be objectionable, when it is combined with the language "desires and is unable to employ counsel," virtually no one is beyond the reach of

5

the statute. It is axiomatic that virtually all persons who are the subject of a criminal prosecution or proceeding "desire" counsel and that most are "unable to employ counsel." Dillard is the perfect example. He is indigent and he "desires" counsel to assist him in his appeal of the court's September 11, 2006 order refusing to revisit his "Motion to Grant Street Time." Second, the phrase "in any postconviction criminal action or proceeding" is hopelessly confusing. It is not clear whether this phrase was intended to refer to postconviction proceedings *and* criminal actions or what exactly. While it is not this Court's function to insert language into a statute (§ 1-2-101, MCA), the language actually used— "postconviction criminal action or proceeding"—makes no sense. Postconviction proceedings—like habeas corpus proceedings—are civil, not criminal, in nature and are independent of the underlying criminal cause. *Coleman v. State*, 194 Mont. 428, 433, 633 P.2d 624, 627 (1981). Therefore, a "postconviction *criminal* action or proceeding" is *non sequitur*. Third, it is not clear whether the quoted language is intended to refer simply to postconviction proceedings or to postconviction proceedings and other proceedings. If the former, the language refers only to proceedings under Title 46, Chapter 21, MCA, and, arguably, under Title 46, Chapter 22, MCA. If the latter, the language exponentially broadens the sorts of "proceedings" for which an indigent petitioner who "desires" counsel may be appointed counsel. Again, Dillard desires counsel to assist him in appealing from proceedings involving his request for street time. Notably, the word "proceeding" is not defined in either Title 46 or 47, MCA; courts are, therefore, left to speculate about what sorts of "proceedings" the Legislature intended.

¶14 In short, §46-8-104, MCA, is vague, confusing, lacking in legislative guidance and, depending on one's interpretation of the language, either overbroad or under-inclusive. If we exercise our discretion under § 46-8-104, MCA, to simply grant most, if not all requests for appointment of counsel, we will overburden the public defender system and the Appellate Defender. On the other hand, it is inappropriate that we simply deny most, if not all, such requests, either. This statute is sorely in need of revision; but this is a task for the Legislature, not this Court.

¶15 Faced with the above, and the need to deal with increasing numbers of requests for appointed counsel on a case-by-case basis under a flawed statute, we have determined to establish some basic criteria under which this Court will exercise its discretion to appoint or refuse to appoint counsel under § 46-8-104, MCA.

¶16 We will appoint counsel where the defendant's, petitioner's or appellant's motion or petition demonstrates—by reference to specific facts and documents in the record (preferably attached as exhibits to the motion or petition), and by citation to specific jurisprudential, statutory or constitutional authority—that (a) a statute specifically mandates the appointment of counsel; (b) the defendant, petitioner or appellant is clearly entitled to counsel either under the United States Constitution or under Montana's Constitution; or (c) extraordinary circumstances exist that require the appointment of counsel to prevent a miscarriage of justice.

¶17 Since most of the motions and petitions for appointment of counsel filed in this Court are filed by *pro se* litigants, those persons are hereby put on notice that the conclusory allegations and demands that typically characterize these motions and petitions will not

7

suffice. If this Court is expected to appoint the public defender or appellate defender, then the movant or petitioner will be tasked with meeting his or her burden set forth in the preceding paragraph. If that burden is not met, we will summarily deny the motion or petition by reference to this Opinion and Order and without further explanation.

¶18 Since Dillard's motion for appointment of counsel does not meet the foregoing criteria, it must be denied.

¶19 Finally, on November 20, 2006, Dillard filed a motion to extend his time for filing his opening brief on appeal. Dillard states that he has requested that the District Court order that he be provided transcripts at State expense and that he has not yet received the court's decision. Dillard also renews his motion to proceed IFP and for appointed counsel.

¶20 Having considered Dillard's motions,

¶21 IT IS ORDERED that Dillard's Motion to Proceed *in forma pauperis* is GRANTED to the extent that he will not be required to pay the filing fee for filing his petition. His request for transcripts at State expense is DENIED.

¶22 IT IS FURTHER ORDERED that Dillard's motion for appointment of counsel is DENIED.

¶23 IT IS FURTHER ORDERED that Dillard's motion for extension of time is GRANTED. Dillard shall file his opening brief on appeal within 60 days of the date of this Order.

¶24 IT IS FURTHER ORDERED that the Clerk of this Court mail copies of this Order to Dillard at his last known address; to the Montana Appellate Defender; to the Office of the

Chief Public Defender; to the Attorney General; to all counsel of record; and to the Honorable Joe L. Hegel, District Judge, presiding.

DATED this 12th day of December, 2006.

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE