DA 06-0618

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 193N

BRIAN LOPEZ,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DC 98-008
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Brian E. Lopez, *Pro Se*; Shelby, Montana

        For Respondent:

        The Honorable Mike McGrath, Attorney General; Mark W.
Mattioli; Helena, Montana

        Scott Herring, Dawson County Attorney, Glendive, Montana

Submitted on Briefs:  July 3, 2007

Decided:  August 14, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brian Lopez (Lopez) appeals from the order entered by the Seventh Judicial District Court, Dawson County, denying his motion for appointment of counsel to pursue postconviction relief. We affirm. The sole issue raised is whether the District Court abused its discretion in denying Lopez's motion for appointment of counsel.

¶3 In February of 1999, the District Court sentenced Lopez to an eight-year term in the Montana State Prison (MSP), with two years suspended, for the felony offense of sexual intercourse without consent. The District Court simultaneously sentenced Lopez under a separate cause number to a 14-year term in the MSP, with eight years suspended, for an additional charge of felony sexual intercourse without consent. On January 5, 2005, Lopez was discharged from the MSP and began serving the suspended portions of his sentences. The District Court subsequently revoked Lopez's suspended sentences because he violated several of the terms and conditions of his probation. The court sentenced Lopez to serve the entirety of the previously suspended terms in the MSP with the sentences to be served concurrently. On July 18, 2006, Lopez moved the District

2

Court to appoint him counsel to assist him in researching and preparing a petition for postconviction relief. The District Court denied the motion, concluding that Lopez had failed to identify any basis supporting a claim for postconviction relief and that any postconviction petition raising claims related to Lopez's underlying convictions would be untimely. Lopez appeals.

¶4      Section 46-8-104, MCA, provides that "[a]ny court of record may order the office of state public defender . . . to assign counsel . . . to defend any defendant, petitioner, or appellant in any postconviction criminal action or proceeding if the defendant, petitioner, or appellant desires counsel and is unable to employ counsel." As Lopez properly recognizes, a court's determination to appoint or not appoint counsel pursuant to this statute is completely discretionary. *See Dillard v. State*, 2006 MT 328, ¶ 12, 335 Mont. 87, ¶ 12, 153 P.3d 575, ¶ 12.

¶5      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issue raised is one of judicial discretion and Lopez has failed to establish that the District Court abused its discretion in denying his motion for appointment of counsel.

¶6      Affirmed.

/S/ KARLA M. GRAY

3

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE