DA 12-0217

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 21

GYME KELLY,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:     District Court of the Twentieth Judicial District,
                      In and For the County of Lake, Cause No. DC 10-42
                      Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Gyme A. Kelly, self-represented; Deer Lodge, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
                Attorney General; Helena, Montana

                          Submitted on Briefs:   October 30, 2012
                                      Decided:   January 29, 2013

Filed:

                                _____

                                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Gyme Kelly (Kelly) appeals from the order of the Twentieth Judicial District Court dismissing his petition for postconviction relief. We affirm and address the issue:

¶2 *Did the District Court err by dismissing Kelly's postconviction relief petition as insufficiently pled?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 On February 22, 2010, Polson Police Officer William Cleveland pulled Kelly over for speeding. Officer Cleveland ultimately arrested Kelly for Driving Under the Influence (DUI). Based on his previous DUI convictions, the State charged Kelly with felony DUI and also petitioned to revoke the suspended sentence Kelly was serving for a previous DUI conviction.

¶4 On November 18, 2010, Kelly appeared before the District Court to enter a guilty plea to the felony DUI charge and to admit that he had violated the terms of his suspended sentence. He pled guilty to the felony DUI charge without entering a plea bargain agreement with the State. The District Court accepted Kelly's guilty plea and also revoked Kelly's suspended sentence. At a later sentencing hearing, the State made recommendations and the District Court sentenced Kelly to the Montana State Prison for a term of 40 years with 25 years suspended for the felony DUI, and to a term of 15 years on the previous DUI for which Kelly's suspended sentence had been revoked. The court ordered these sentences to run consecutively.

¶5 On December 30, 2011, Kelly filed a petition for postconviction relief, asserting that he received ineffective assistance of counsel in these proceedings. He alleged that "just prior to sentencing," his court-appointed attorney told him for the first time that the State had made a more favorable plea offer before he changed his plea to guilty that would have resulted in "a lesser amount of time to be served." The State responded by asking that Kelly's petition be dismissed because it failed to provide any factual support for these allegations—*i.e.*, Kelly did not provide affidavits, record evidence, or other evidence. The District Court agreed and summarily dismissed Kelly's petition for failing to provide factual support for his claim.

¶6 Kelly appeals. Attached to Kelly's opening brief on appeal is a one-page affidavit in support of his claim. It avers, in toto:

1. I am the appellant in the above entitled matter.

2. My Counsel at the District Court level was inadequate and failed to inform me in a timely fashion of my choice of alternatives to accepting the plea he presented me.

3. After I signed the plea in its present form, I was informed by my counsel that there was a less harsh plea available but if I were to take it, I would forfeit my chance at Sentence Review.

4. Had I been informed as to the existence of a less harsh plea by my counsel I would have persued [sic] that course of action.

5. If my counsel had informed me as to my legal rights upon any adjudication of guilt being allowed the right to sentence review, I would have persued [sic] a different course of action than I did.

STANDARD OF REVIEW

¶7     When a district court dismisses a petition for postconviction relief as a matter of law, we review that legal conclusion for correctness.  *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422.

## DISCUSSION

¶8     Kelly challenges the District Court's determination that his claim was insufficiently pled and offers that his legal resources were restricted due to his incarceration.  He also argues the merits of his claim by citing to *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), a recent U.S. Supreme Court case addressing ineffective assistance of counsel at the plea-bargaining stage.  He states that, "[i]n Frye, as in this case, the defendant was misinformed of the availability of a plea offer by his court appointed counsel, that would have resulted in doing less prison time. . . .  Since the 2 cases are so similar, it must also stand to reason this appellant has had his 6th Amendment rights violated, and is due relief from the violation."  The State argues that the District Court properly dismissed the petition on procedural grounds and asks that we not consider the affidavit attached to Kelly's brief because it was not presented to the District Court.

¶9     We have explained that "[u]nlike civil complaints, the postconviction statutes are demanding in their pleading requirements."  *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473.  Section 46-21-104, MCA, enumerates the mandatory contents of a petition for postconviction relief.  It provides, in pertinent part:

(1)     The petition for postconviction relief must:

(a) identify the proceeding in which the petitioner was convicted, give the date of the rendition of the final judgment complained of, and *clearly set forth the alleged violation or violations*;

. . .

(c) *identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts*.

Section 46-21-104, MCA (emphasis added); *Ellenburg*, ¶ 12. We have thus explained that "a petition for postconviction relief must be based on more than mere conclusory allegations. It must 'identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.'" *Ellenburg*, ¶ 16 (quoting *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, 42 P.3d 753 (quoting § 46-21-104(1)(c), MCA)). Regarding ineffective assistance of counsel, we have held that such claims "must be grounded upon facts which appear in or are easily deduced from the record and which go beyond the mere conclusory allegations in the defendant's affidavit." *State v. Lewis*, 177 Mont. 474, 485, 582 P.2d 346, 352-53 (1978) (*overruled on other grounds, Fjelstad v. State Through Dept. of Highways*, 267 Mont. 211, 220, 883 P.2d 106, 111 (1994)); *accord State v. Hulbert*, 232 Mont. 115, 120, 756 P.2d 1110, 1113 (1988) ("a claim of ineffective counsel must be grounded in facts found in the record, not on 'mere conclusory allegations.'"); *State v. McColley*, 247 Mont. 524, 527, 807 P.2d 1358, 1360 (1991); *State v. Hagen*, 2002 MT 190, ¶ 19, 311 Mont. 117, 53 P.3d 885.

5

¶10 These requirements are consistent with federal precedent requiring a defendant to bring forward more evidence than a "self-serving statement." *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) ("Turner's self-serving statement, made years later, that [his lawyer] told him that 'this was not a death penalty case' is insufficient to establish that Turner was unaware of the potential of a death verdict."); *Cuppett v. Duckworth*, 8 F.3d 1132, 1139 (7th Cir. 1993) (en banc) (rejecting defendant's ineffective assistance claim because the only evidence submitted by the defendant was a "self-serving affidavit in support of this allegation.").

¶11 The only facts offered to support the claim are contained in the short affidavit from Kelly, attached to his opening brief on appeal. Kelly's affidavit is not properly before this Court because it was not submitted to the District Court. *See State v. J.C*, 2004 MT 75, ¶ 25, 320 Mont. 411, 87 P.3d 501 ("On appeal, we consider only the district court record. . . . 'Parties on appeal are bound by the record and may not add additional matters in briefs or appendices.'" (citation omitted)). However, even if the affidavit had been properly submitted, its conclusory statements are insufficient as a matter of law to support a postconviction claim under the precedent discussed above. From Kelly, the affidavit is self-serving, but beyond that, it falls short of identifying "all facts supporting the grounds for relief" and providing the necessary detail and evidence to establish the factual foundation for the claim. Section 46-21-104(1)(c), MCA. Kelly's incarceration, as he asserts, may well have hampered his efforts to marshal this information, but these pleading standards must nonetheless be satisfied, and, in fact, have been satisfied by other postconviction claimants who are incarcerated.

¶12    In *Frye,* the prosecutor sent Frye's counsel a letter offering Frye a choice between two plea bargains.[1] *Frye,* ___ U.S. at ___, 132 S. Ct. at 1404.  The letter stated that the offers would expire in a little over a month.  Frye's lawyer received the letter but never told Frye about it. *Frye,* ___ U.S. at ___, 132 S. Ct. at 1404.  Frye eventually pled guilty without a plea agreement and was sentenced to a substantially harsher sentence than was recommended in the plea offers. *Frye,* ___ U.S. at ___, 132 S. Ct. at 1404-05.  Frye filed postconviction relief proceedings in state court.  The Missouri Court of Appeals determined that Frye's counsel had rendered ineffective assistance of counsel by failing to inform Frye of the plea offers. *Frye,* ___ U.S. at ___, 132 S. Ct. at 1405.  As a remedy, the Missouri Court deemed Frye's plea as withdrawn. *Frye,* ___ U.S. at ___, 132 S. Ct. at 1405.  After the State of Missouri sought review, the U.S. Supreme Court granted certiorari and affirmed, holding "as a general rule, defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye,* ___ U.S. at ___, 132 S. Ct. at 1408.  Applying the standards under *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984), the Supreme Court determined that Frye's counsel's representation "fell below an

---

[1] The prosecutor's letter, sent on November 15, 2007, stated, in pertinent part:

> My recommendation is as follows: 3 and defer, on the felony with 10 days "shock" in the Boone County Jail; *OR* 90 days to serve on an amended misdemeanor in the Boone County Jail.

> I am going to subpoena witnesses for the preliminary hearing on January 4, 2008. I will need to know if Mr. Frye will be waiving to preserve the offer by noon on December 28, 2007.

Joint Appendix, *Missouri v. Frye,* 2011 U.S. S. Ct. Briefs LEXIS 469 at *50.

objective standard of reasonableness" under the first prong of *Strickland*, and remanded the case for further proceedings to determine whether Frye had been prejudiced under the second prong, noting "there is strong reason to doubt the prosecution and the trial court would have permitted the plea bargain to become final." *Frye*, ___ U.S. at ___, 132 S. Ct. at 1411. Unlike *Frye*, where the existence of bona fide plea offers and defense counsel's failure to communicate the offers were undisputed, there is here no record evidence of a formal plea offer or of Kelly's lawyer's failure to inform him of a plea offer, other than Kelly's insufficient affidavit.

¶13 *Frye* does not override Montana law governing pleading requirements in a postconviction proceeding. The Supreme Court clarified that states are permitted to adopt measures to "help ensure against late, frivolous, or fabricated claims, after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences." *Frye*, ___ U.S. at ___, 132 S. Ct. at 1409. That is precisely what the above-discussed Montana law does.

¶14 Affirmed.

/S/ Jim Rice

We concur:

/S/ Mike McGrath
/S/ Michael E Wheat
/S/ Beth Baker
/S/ Brian Morris

8