DA 12-0410

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 164N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

WILLIAM SHEGRUD,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 04-171
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeanne M. Walker; Hagen & Walker, PLLC; Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

          William Fulbright, Ravalli County Attorney; Hamilton, Montana

Submitted on Briefs:  May 28, 2013

Decided:   June 18, 2013

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 William Shegrud (Shegrud) appeals from the District Court's summary dismissal of his petition for postconviction relief, which challenged the court's revocation of sentences imposed upon Shegrud in three different criminal proceedings. Shegrud filed appeals in each of the three proceedings, and by order of this Court on January 14, 2013, the three appeals were consolidated under Cause No. DA 12-0410. We have revised the caption to correctly reflect a postconviction proceeding.

¶3 In 2005, Shegrud pled guilty to criminal distribution of dangerous drugs, a felony, in violation of § 45-9-101, MCA, and received a six-year deferred sentence. He also pled guilty that year to transferring illegal articles, a felony, in violation of § 45-7-307, MCA, and received another six-year deferred sentence, to be served concurrently with his deferred sentence for the dangerous drug offense. In 2007, Shegrud pled guilty to assault on a minor, a felony, in violation of § 45-5-212(1), MCA, and partner or family member assault, a misdemeanor, in violation of § 45-5-206(1), MCA. He received a five-year suspended commitment to the Department of Corrections for the assault on a minor conviction, and a one-year suspended sentence for the partner or family member assault

2

conviction, with these sentences to run concurrently. Shegrud's deferred sentences in his two 2005 convictions were also revoked and in each case he was sentenced to a ten-year commitment to the Department of Corrections, with six years suspended, to run concurrently with each other and with his other sentences.

¶4 In 2011, Shegrud was arrested for criminal endangerment, aggravated driving under the influence, displaying incorrect license plates on his vehicle, and operating a motor vehicle while his privilege to do so was revoked. Following his arrest, the State filed petitions to revoke all three of Shegrud's suspended felony criminal sentences. An adjudicatory hearing was conducted by the District Court on April 5 and 13, 2012, during which Shegrud admitted to violating the condition of his sentences prohibiting possession and consumption of alcohol. At the conclusion of the hearing, the District Court found that Shegrud had violated additional conditions of his probation. Shegrud was then sentenced to commitments to the Department of Corrections with no time suspended, his commitments to run concurrently. Shegrud did not appeal from these judgments.

¶5 In June 2012, Shegrud filed a very brief, handwritten petition for postconviction relief alleging that his arrest while on probation had occurred in violation of § 46-23-1012, MCA, because there was "no evidence of 12 hour Authorization to pick up and hold was filed and followed," and requesting "that this be passed to a substitute Judge" because of bias, based upon statements made by the presiding judge during the 2011 revocation hearing. The request for disqualification was not supported by affidavit. At a hearing conducted on the petition, the District Court orally addressed the issue of bias,

3

indicating that bias had not been established by the petition and apologizing for any offensive remarks. The District Court also addressed the substantive allegations of the petition, stating that the petition was supported only by generalizations and that the statutory violation issue "should have come up long before now. That's something that has to do with a basis for your even going through the revocation proceeding, and you had an opportunity to challenge that." The District Court then summarily denied the petition without further proceedings.

¶6 On appeal, Shegrud argues the District Court was without authority to proceed on the petition in light of the disqualification request, that there was insufficient evidence to support the District Court's revocation finding that Shegrud had violated driving conditions, which in turn demonstrate the District Court Judge's bias, and that the District Court erred by denying the petition without first conducting an evidentiary hearing. Shegrud also requests the Court to invoke the plain error doctrine and undertake review of his claim that his revocation counsel rendered ineffective assistance of counsel by failing to raise the issue that his probation arrest violated statute and by failing to seek disqualification of the District Court Judge prior to the revocation hearing. The State responds that Shegrud failed to follow the statutory process for disqualification by failing to support his request by affidavit establishing facts demonstrating bias or prejudice, failed to file a legally sufficient postconviction relief petition, and that Shegrud's ineffective assistance of counsel claims are not appropriate for plain error review.

4

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are either legal issues that are controlled by settled law and correctly interpreted by the District Court, or ones of judicial discretion and there clearly was not an abuse of discretion. Shegrud did not follow the statutory process for disqualification and the necessity of plain error review has not been established. His petition for postconviction relief was legally insufficient.

> "[U]nlike civil complaints, the postconviction statutes are demanding in their pleading requirements." . . . "a petition for postconviction relief must be based on more than mere conclusory allegations. It must 'identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.'"

*Kelly v. State*, 2013 MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120 (internal citations omitted).

¶8 Affirmed.


/S/ JIM RICE


We concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS
/S/ BETH BAKER

5