DA 14-0705

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 175N

FILED

June 23 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0705

SCOTT WOMBOLT,

     Petitioner and Appellant,

v.

STATE OF MONTANA,

     Respondent and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DV-13-364
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Scott Wombolt (Self-Represented), Deer Lodge, Montana

     For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Eileen Joyce, Butte-Silver Bow County Attorney, Michael Clague, Deputy
County Attorney, Butte, Montana

Submitted on Briefs:  May 19, 2015
Decided:  June 23, 2015

Filed:

          _____
                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Scott Wombolt appeals from the District Court's order of April 29, 2014, denying his petition for postconviction relief. We affirm.

¶3 In September 2011 Wombolt pled no contest to three felony charges of criminal distribution of dangerous drugs to minors in violation of § 45-9-101, MCA. The District Court obtained a presentence investigation report and held a sentencing hearing on December 1, 2011. The District Court entered a judgment and order that same day sentencing Wombolt to consecutive terms of fifteen years in prison on each of the counts, but suspending execution of the term on the third count.

¶4 Since sentencing, Wombolt, by his own description, has filed "divers documents challenging conviction and sentence" which "have availed naught." In November 2013 Wombolt filed the present petition for postconviction relief, claiming ineffective assistance of counsel; the existence of new evidence; and "post-traumatic stress discord & psychological pressure."

¶5 This Court evaluates claims of ineffective assistance of counsel under the test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Whitlow*

*v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861.  First the defendant must show that his attorney's performance was deficient by demonstrating that it fell below an objective standard of reasonableness.  *Whitlow*, ¶ 14.  There is a strong presumption that the attorney's performance fell within the wide range of reasonable professional assistance, *Whitlow*, ¶ 15, because there are "countless ways to provide reasonable assistance in any given case."  *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.  Second, the defendant must show that his attorney's deficient performance prejudiced the defense.  *Whitlow*, ¶ 10.  This requires a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

¶6     We agree with the District Court's conclusion that Wombolt failed to present any evidence that his attorney's performance fell below an objective standard of reasonableness, and that Wombolt's personal conclusions, speculation and conjecture were insufficient to support a claim of ineffective assistance of counsel.

¶7     We also agree with the District Court's determination that Wombolt's assertion of "new evidence" was only supported by his own conclusory statements:  "New evidence. New witnesses coming forward.  Witnesses withdrawled (sic) his statement."  Such vague statements are insufficient to merit relief.  Even if we consider Wombolt's subsequent affidavits, they fail to present any material facts warranting relief.

¶8     Last, we agree with the District Court's determination that Wombolt is not entitled to any relief based upon his contention that he suffers from "post traumatic stress discord and psychological pressure."  If this is related to an attack upon his guilty plea, Wombolt

3

has not presented any material evidence or any cogent argument that he was not competent to enter the pleas to the three felonies in 2011. A petition for postconviction relief must be based on more than defendant's own conclusory statements. *Kelly v. State*, 2013 MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct.

¶10    Affirmed.


                                                    /S/ MIKE McGRATH


We Concur:


/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON