FILED

September 15 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0242

DA 15-0242

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 277N

CHARLES EDWARD CLARY,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM: District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV-12-0617
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Charles Edward Clary, self-represented, Shelby, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

John Parker, Cascade County Attorney, Joshua A. Racki, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs: August 19, 2015
Decided: September 15, 2015

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Charles Clary (Clary) appeals pro se from an order of the Eighth Judicial District Court, Cascade County, dismissing the claims in his amended petition for postconviction relief. The District Court found Clary's claims procedurally barred because they could have been, but were not, raised on direct appeal. We affirm.

¶3    The issue on appeal is whether the District Court properly dismissed Clary's amended petition for postconviction relief.

¶4    Clary was convicted of felony aggravated burglary and assault with a weapon after he entered the home of an acquaintance and had an altercation. Clary struck Nathan Rolfs (Rolfs) and his wife, Nichole Neuhaus (Neuhaus), with the handle of an axe or hammer. Both Rolfs and Neuhaus sustained injuries in the altercation. Clary was represented by a public defender pretrial but decided to waive counsel and represent himself at trial. His public defender was present as standby counsel. The Appellate Defender Office represented Clary in his criminal appeal. Clary's conviction was affirmed in *State v. Clary*, 2012 MT 26, 364 Mont. 53, 270 P.3d 88. We determined, however, that Clary's ineffective assistance of counsel claim was not record-based stating, "Without a fully developed record of what Olson actually did to prepare Clary's

case for trial, the issue cannot be resolved and we therefore decline to address it on direct appeal." *Clary*, ¶ 31.

¶5 Clary filed a pro se petition for postconviction relief on August 14, 2012. After the State responded, Clary moved for appointment of counsel to file an amended petition for relief. The District Court denied his request for appointment of counsel and, after Clary moved for disposition of his Amended Petition, the court dismissed the petition without a hearing and without ordering a response from the State.

¶6 We note here that Clary has had numerous problems with appointed counsel both during these proceedings as well as during the underlying criminal case. Clary's most recent appointed counsel filed a notice not to move to amend Clary's pro se motion as well as a motion to withdraw stating that she was unable to find any non-frivolous or meritorious issues and was ethically bound to refrain from filing an amended petition. The District Court noted that Clary

> has a history of requesting any counsel assigned to him to be removed and replaced . . . . It is obvious to this Court that the Petitioner will never be satisfied with any counsel appointed to represent him. Appointment of counsel in a postconviction proceeding is not a matter of right, but occurs in only limited circumstances required by the interests of justice, in the discretion of the Court. The Court will not appoint counsel yet again for the Petitioner, nor will the Court entertain any additional motions for counsel filed by the Petitioner.

Clary is, therefore, self-represented in this matter.

¶7 A postconviction relief proceeding is a civil remedy established by statute. *Dillard v. State*, 2006 MT 328, ¶ 13, 335 Mont. 87,153 P.3d 575. Codified at §§ 46-21-101 to 203, MCA, this process is not a substitute for direct appeal review. It is

3

a means to provide review of only those collateral claims or grounds for relief that could not reasonably have been raised on direct appeal. If the claim could have been raised on direct appeal, the claim is procedurally barred. Section 46-21-105(2), MCA. A district court may dismiss a petition as a matter of law for failure to state a claim upon which relief can be granted if the petition and the files and records of the case conclusively show that the petitioner is not entitled to relief. Section 46-21-201(1)(a), MCA.

¶8 When a district court dismisses a petition for post-conviction relief as a matter of law, we review that legal conclusion for correctness. *Kelly v. State*, 2013 MT 21, ¶ 7, 368 Mont. 309, 300 P.3d 120.

¶9 On appeal Clary asserts several claims upon which he claims he is entitled to relief. The District Court summarized three of those claims as:

(1) Illegal arrest. The Petitioner asserts that he was illegally arrested for aggravated burglary and two counts of assault with a weapon because he was also charged in a separate case as a fugitive from justice. The Petitioner contends he was not a fugitive from justice at the time he was arrested on suspicion of having committed aggravated burglary and two counts of assault with a weapon. The Petitioner contends that the charges against him should be dismissed on this basis.

(2) Structural defect resulting from assignment of judge pro tempore. The Petitioner contends that he should be given a new trial because he was brought before a judge pro tempore for his initial appearance. The Petitioner contends this was an illegal act that should nullify his conviction because a judge pro tempore may not legally read defendants the charges against them when an arrest is made on probable cause to believe a crime has been committed in accordance with § 46-6-311(1), MCA.

(3) Structural defect resulting from the same judge that determined probable cause to charge also overseeing Petitioner's trial.

4

The Petitioner asserts a structural defect requiring a new trial occurred when [the District Court] determined sufficient probable cause existed to charge him with aggravated burglary and two counts of assault with a weapon because this Court also presided over trial of those charges. The Petitioner contends this created substantial judicial bias at his trial because this Court had already concluded his guilt when it determined sufficient probable cause to charge.

¶10 Clary has been afforded the opportunity for a direct appeal of his conviction and he has availed himself of this opportunity. He did not raise these grounds for relief during that proceeding where they could have been raised. Pursuant to § 46-21-105(2), MCA, these claims are, therefore, statutorily barred.

¶11 The remaining claims before us cannot be considered on their merits as they have not been preserved for review. Clary's assertions of malicious prosecution and "judicial mental illness" of the District Court judge in the postconviction proceedings are raised for the first time on appeal. Clary also asserts ineffective assistance of counsel claim which, while raised in his original postconviction relief petition, was not argued in his amended petition. The statement in Clary's amended petition that he "reserves all rights" to his ineffective assistance claims is insufficient to plead a claim for postconviction relief. Section 46-21-104(1)(c). Just like an amended complaint, an amended petition supersedes the prior petition. *Ben Kress Nursery Co. v. Oregon Nursery Co.*, 45 Mont. 494, 496, 124 P. 475 (1912) ("By filing the amended complaint, the original complaint was superseded and became functus officio."). These additional claims were never considered by the District Court. A postconviction claim that is not raised in an original or amended original petition cannot be raised for the first time on appeal. Section

46-21-105(1)(a), MCA, *Sanders v. State*, 2004 MT 374, ¶ 16, 325 Mont. 59,103 P.3d 1053.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. The court properly dismissed Clary's postconviction claims because they were procedurally barred and there existed no relief that the District Court could lawfully grant. We also must decline to review Clary's new arguments or legal theories for the first time on appeal.

¶13 Affirmed.

/S/ LAURIE McKINNON

We concur:
/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT