FILED

05/23/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0506

DA 16-0506

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 121N

JAMES CUDD, Sr.,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                      In and For the County of Big Horn, Cause No. DV 15-38
                      Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                James Cudd, Sr. (Self-Represented), Deer Lodge, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
                Attorney General, Helena, Montana

                Gerald "Jay" Harris, Big Horn County Attorney, Hardin, Montana

                Submitted on Briefs:  April 19, 2017

                              Decided:  May 23, 2017

Filed:

                              _____
                                      Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James Cudd, Sr. (Cudd), appeals from a July 25, 2016 District Court order denying his motion for postconviction relief. We affirm.

¶3 On May 17, 2011, the State charged Cudd by information with one count of Incest and one count of Sexual Intercourse without Consent. Cudd was convicted of Sexual Intercourse without Consent and sentenced to seventy years in the Montana State Prison. Cudd appealed based on a denial of a challenge for cause of a juror. This Court affirmed the conviction.[1]

¶4 On August 10, 2015, Cudd filed a petition for postconviction relief. Cudd raised numerous arguments including prosecutorial misconduct, ineffective assistance of counsel, and challenges to the jury instructions. The State filed its response and Cudd requested a hearing. The District Court denied Cudd's petition for postconviction relief on July 25, 2016, without a hearing. On August 29, 2016, Cudd filed an appeal with this Court, characterizing it as a "petition for Writ of Habeas Corpus." We have determined this matter is properly characterized as an appeal of the denial of his postconviction relief petition.

---

[1] *State v. Cudd*, 2014 MT 140, 375 Mont. 215, 326 P.3d 417.

¶5 This Court reviews a district court's denial of a postconviction relief petition to determine whether its findings of fact are clearly erroneous and whether its legal conclusions are correct. *Lacey v. State*, 2017 MT 18, ¶ 13, 386 Mont. 204, 389 P.3d 233. We review discretionary rulings in postconviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion. *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118. However, to the extent an evidentiary ruling is based on a conclusion of law our review is plenary. *State v. Bomar*, 2008 MT 91, ¶ 14, 342 Mont. 281, 182 P.3d 47. Ineffective assistance of counsel claims constitute mixed questions of law and fact for which our review is de novo. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861.

¶6 The District Court, in a comprehensive eleven-page order, denied the petition concluding that Cudd failed to state a claim for relief. On appeal, Cudd asserts only that trial "counsel failed in his professional-duty to interview and/or depose witnesses." In an attached notarized affidavit, he alleges a number of factual matters apparently related to his underlying trial. Cudd has not raised other arguments he made in his postconviction relief petition in District Court, and therefore has waived those issues.

¶7 Cudd claims two new issues on appeal asserting confrontation clause and due process violations. This Court will not consider new issues raised for the first time on appeal. *Ellenburg v. Chase*, 2004 MT 66, ¶ 14, 320 Mont. 315, 87 P.3d 473. Cudd had the opportunity to raise these specific arguments previously and failed to do so; therefore, we will not consider them in this appeal. Section 46-21-105(2), MCA. Moreover, Cudd inserts new facts in the affidavit. This Court will not consider new facts not contained in

the district court record. *Kelly v. State*, 2013 MT 21, ¶ 11, 368 Mont. 309, 300 P.3d 120; M. R. App. P. 8(1).

¶8 A petition for postconviction relief must "clearly set forth" the alleged violations by identifying all supporting facts for relief. Section 46-21-104(1), MCA. All grounds for relief must be raised in the petition. Section 46-21-105(1)(a), MCA. A petition for postconviction relief must be based on more than mere conclusory allegations. *Kelly*, ¶ 9; *Ellenburg*, ¶ 16; *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, 42 P.3d 753.

¶9 The issues properly preserved before this Court are Cudd's alleged *Brady* violations and his ineffective assistance of counsel claim based on "failure to interview and/or depose witnesses."

¶10 In his affidavit on appeal, Cudd asserts that information **he** provided to child protective services was withheld, violating *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194. Cudd provides only conclusory statements that he spoke with child protective services and that the information was then purposely withheld from the court. The statement Cudd claims was withheld was his own statement. Whether or not it was "suppressed," his own statement would not be a basis for a violation of *Brady*. The District Court did not err in denying Cudd's petition for postconviction relief.

¶11 Finally, Cudd argues that trial counsel was ineffective by failing to interview and/or depose witnesses. This Court evaluates claims of ineffective assistance of counsel under the test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Whitlow*, ¶ 10. First, the defendant must show that his attorney's performance was deficient by demonstrating that it fell below an objective standard of reasonableness. *Whitlow*, ¶ 14.

4

Second, the defendant must show that his attorney's deficient performance prejudiced the defense. *Whitlow*, ¶ 10. A party alleging ineffective assistance of counsel in a petition for postconviction relief must come forward with specific factual allegations that establish the party is entitled to relief. Section 46-21-104, MCA; *Herman v. State*, 2006 MT 7, ¶ 44, 330 Mont. 267, 127 P.3d 422.

¶12 The District Court held that Cudd's petition failed to articulate an argument as to counsel's specific failure to interview witnesses or provide facts or evidence sufficient to support grounds for relief. Beyond unsupported statements, Cudd provided an excerpt of a potential witness's interview with police and listed the Montana Rules of Professional Conduct as well as the Montana Public Defender Act in his petition. Cudd claimed trial counsel fell below an objective standard of reasonableness because the potential witness's statements were exculpatory and would indeed have changed the outcome of the trial.

¶13 Claims asserted in petitions for postconviction relief must be based upon specific facts and not mere conjecture. Section 46-21-104, MCA; *Ellenburg*, ¶ 16. Cudd must show "what information would have been obtained from the interviews and whether such information would have produced a different result." *Weaver v. State*, 2005 MT 158, ¶ 21, 327 Mont. 441, 114 P.3d 1039. Cudd provides no specifics about what information would have been obtained, if it would have been admissible, or that the missing interviews prejudiced him in the outcome of the proceedings. Cudd has failed to sustain the burden of proof to make a prima facie showing that he is entitled to relief regarding counsel's decision not to interview specific witnesses. The District Court's conclusion that none of the above facts tend to establish ineffective assistance of counsel was correct.

5

¶14 The District Court's order denying Cudd's petition for postconviction relief was not clearly erroneous and was based on correct conclusions of law.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE