FILED

11/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0211

DA 17-0211

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 295N

CHARLES E. CLARY,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV-12-0617
Honorable Elizabeth Best, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Charles E. Clary, Self-Represented, Shelby, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Joshua A. Racki, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  November 15, 2017

Decided:  November 28, 2017

Filed:

                                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Charles Clary (Clary) appeals pro se from an Eighth Judicial District Court order dismissing Clary's second postconviction relief petition. We affirm.

¶3 On February 7, 2012, this Court affirmed Clary's conviction of felony aggravated burglary and assault with a weapon. *State v. Clary*, 2012 MT 26, ¶ 32, 364 Mont. 53, 270 P.3d 88. Clary's first postconviction relief petition was dismissed by the District Court on March 30, 2015, and affirmed by this Court on September 15, 2015. *Clary v. State*, No. DA 15-0242, 2015 MT 277N, ¶ 12, 2015 Mont. LEXIS 470. On November 3, 2016, Clary filed a second postconviction relief petition. On March 3, 2017, the District Court dismissed Clary's second petition. Clary appeals, alleging newly discovered evidence. He asserts a December 2, 2015 Great Falls Tribune article regarding Judge Julie Macek's medical retirement demonstrates her health had an impact on his case. Clary also alleges Judge Macek was not impartial because she was the same judge who determined probable cause to charge him and who presided over his trial.

¶4 When a district court dismisses a petition for postconviction relief as a matter of law, we review that legal conclusion for correctness. *Kelly v. State*, 2013 MT 21, ¶ 7, 368 Mont. 309, 300 P.3d 120.

¶5 A postconviction relief petition is time barred if it is not filed within one year of the date that the conviction becomes final. Section 46-21-102, MCA. A conviction becomes final when (1) the time for appeal to the Montana Supreme Court expires; (2) if an appeal is taken to the Montana Supreme Court, the time for petitioning the United States Supreme Court for review expires; or (3) if review is sought in the United States Supreme Court, on the date that that court issues its final order in the case. Section 46-21-102(1), MCA. Clary's conviction was final on May 8, 2012. Clary filed the current petition three and a half years later. Clary's petition for postconviction relief is statutorily time barred.

¶6 However, a claim alleging newly discovered evidence that, if proved would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, is an exception to the general rule, allowing the petitioner more time to file. Section 46-21-102(2), MCA. This Court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition. Section 46-21-105(1)(b), MCA. Clary argues Judge Macek's medical retirement is newly discovered evidence that shows she was not competent while presiding over his case. Nothing in Clary's petition suggests or establishes that he did not engage in the criminal conduct for which he was convicted. Clary has not satisfied the statutory requirements for filing a second petition.

¶7 Clary also argues that Judge Macek was not impartial. This claim was previously raised and rejected by both the District Court and Montana Supreme Court and is

3

therefore procedurally barred. Section 46-21-105(1)(b), (2), MCA; *Clary v. State*, No. DA 15-0242, 2015 MT 277N, ¶ 9, 2015 Mont. LEXIS 470.

¶8     Based on our review of the record, we hold that the District Court was correct when it concluded that Clary did not satisfy the statutory requirements that would allow a second petition for postconviction relief.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10    Affirmed.


                                        /S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE